Judge Robertson,
delivered the opinion of the Court.
This is an action of assumpsit by Gilí vs. Warren’s administrator, for money, alleged to have been received several.years ago by Warren to the use of Gill.
On the general issue, the jury found a verdict for the defendant. Gill moved fora new-trial, on two grounds. 1st. That the verdict was contrary to evidence. 2d. That a witness summoned by the plaintiff, did not attend the trial, whereby Gill was surprised.
The court overruled the motion, and entered judgment for the defendant, on the verdict.
Whatever may be the weight of probabilities on either side, the verdict must stand. The facts justified a finding for the defendant.
The affidavit of the surprise, is certainly insufficient. It discloses the fact, that the absent witness was called before the jury, was sworn, and that the plaintiff ventured to go into the trial, on the hazard of his presenting himself in due time. The affidavit is sworn to by the counsel only, and does not shew the materiality.of the witness; it does not disclose the facts which he would prove. It does not affirm-that he would prove any thing, it only suggests as the belief of the counsel, that his testimony would be important; hence it contains no semblance, of a sufficient cause for a new trial. The affidavit would have been insufficient, even if it had stated positively, that material facts could *591 have been proved by the delinquent witness. For if a party, knowing that his witness is absent, will voluntarily risk a trial, the absence of the witness can furnish no ground for anew trial.
Monroe, for plaintiff; Dana, for defendant.
it is urged, that there ought to have been a new trial, because the jury was sworn to try the issue,- and there is no plea-or joinder in the record.
The record states, that the plea of non-assumpsit was filed and joined, and the jury sworn to try this issue* In such a case, it seems to us, that neither law nor reason, would exact more. Why is it necessary, that this court should seethe plea? Surely not to decide whether it be good in form or substance. It was not objected to. It could not be impertinent, nor insufficient, nor could the issue upon it, be immaterial.
In many cases, perhaps, in most that occur, .it would be necessary, that the pleadings should be written and filed, and in such cases, an entry on the order book, that certain pleas were filed, or certain issues made up, would not supply the absence of the pleadings themselves. But there can be no reason for requiring a plea of non-assumpsit, to bespread on the record. In practice, it is not always done. It would, however, ■ certainly be better, if it were always done. If the record shew, that an issue on the plea of non-assumpsit was tried, this court will not reverse the judgment, because the plea is not transmitted here.
The judgment is affirmed.